UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE GRANT, II,

    Plaintiff,

v.

Case No.19-cv-13422
Hon. Matthew F. Leitman

CENTRAL INTELLIGENCE AGENCY, *et al.*,

    Defendants.

_____/

### ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2); (2) SUMMARILY DISMISSING COMPLAINT, AND (3) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

Plaintiff William Lee Grant, II is "is a serial filer of frivolous litigation in various federal courts across the country." *Grant v. U.S. Dep.'t of Transportation*, 2019 WL 1009408, at *1 (E.D. Tex. Jan. 28, 2019), *report and recommendation adopted at* 2019 WL 1003641 (E.D. Tex. Mar. 1, 2019). "The vast majority of [these] cases [of which the Court is aware] have been dismissed as frivolous." *Id. See also Grant v. Harris*, 2019 WL 1510008, at *1 (W.D. Va. Apr. 5, 2019) ("Grant has been recognized as a frequent filer of frivolous litigation in federal courts throughout the country"); *Grant v. United States Dep.'t of Defense*, 770 F. App'x 121, 122 (4th Cir. 2019) (dismissing appeals as frivolous, sanctioning Grant "for filing frivolous appeals," and "enjoin[ing]

1

him from filing any further actions in this court unless he pays the sanctions and a district court finds that the action is not frivolous").[1] This is another such case.

In this action, Grant alleges, among other things, that:

- President Ronald Reagan "directed" the Secretary of Defense to "create" Grant in order "to predict future nuclear attacks";
- The Department of Defense "kept Mr. Grant in Illinois for nearly thirty (30) years under threat of military threat";
- "Hillary Rodham Clinton killed Vince Foster";
- "Courtney Love killed Kurt Cobain";
- "Phillip Mountbatten ordered the assassination of Diana, Princess of Wales"; and
- "The Central Intelligence Agency (CIA) killed "John F. Kennedy."

(Compl., ECF No. 1.) For these alleged wrongful actions, Grant seeks "$99 trillion in damages." (*Id.* at ¶82, PageID.10.) Grant has also filed an application to proceed *in forma pauperis* and without the prepayment of fees or costs in this action. (*See* App., ECF No. 2.)

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding... by a person who submits an

---

[1] *See also Grant v. Joint Chiefs of Staff*, 2019 WL 1752638, at *1 (D.C. Cir. Apr. 15, 2019) ("The district court properly dismissed [Grant's] complaint as frivolous").

affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.* The Court has reviewed Grant's application and is satisfied that the prepayment of the filing fee would cause him an undue financial harm. The Court therefore **GRANTS** Grant's application and permits him to file the Complaint without prepaying the filing fee.

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addition, while the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must nonetheless plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2)(B) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

The Court has carefully reviewed Grant's Complaint and concludes that it is both frivolous and fails to state a claim upon which relief can be granted. As one judge recently explained when reviewing a nearly identical Complaint that Grant had filed:

> Mr. Grant's pleading contains a host of fanciful accusations. These range from individuals directing his dentist to "drill the enamel off" of his teeth, forcing Mr. Grant "to stab Dr. Grant" his father and to "act gay for more than seven years", to the State of Illinois denying his prior civil rights complaint and retaliating against him. Other accusations include Dick Cheney lobbying for the invasion of Iraq and profiting off the war in Iraq. And, other claims of Hillary Clinton killing Vince Foster, O.J. Simpson being guilty of killing Nicole Brown Simpson and Ronald Goldman and the Central Intelligence Agency (CIA) killing John F. Kennedy. **In short, Mr. Grant's complaint is frivolous. There is no interpretation of these assertions, along with the cadre of others he makes, that even under the most liberal construction possibly afforded a pro se plaintiff by which the court can decipher a cognizable claim**. The complaint centers on baseless assertions of government conspiracy and is a collection of factual allegations that are fanciful, fantastic and delusional.

*Grant v. Central Intelligence Agency*, 2019 WL 5847138, at *2 (D. Utah, Oct. 17, 2019) (emphasis added), *report and recommendation adopted at* 2019 WL 5802693 (D. Utah Nov. 7, 2019); *Grant v. Central Intelligence Agency*, 2019 WL 5391470, at *1 (S.D. Ill. Oct. 22, 2019) ("Here, the fundamental problem is that Grant's allegations are frivolous. Grant detailed his attempts to file a similar rendition of this complaint on numerous occasions before courts across the country, including previously in this Court []. Nothing about this most recent filing before the Court transforms his claims from frivolous to non-frivolous."); *Grant v. Central Intelligence Agency*, 2019 WL 6050830,

4

at *2 (E.D. Mo. Nov. 15, 2019) ("Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. The Court concludes that the allegations are clearly baseless …. Additionally, this case appears to be part of a pattern of abusive litigation that plaintiff has recently engaged in all over the country. The Court will therefore dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).").

For all of these same reasons, the Court concludes that Grant has failed to state a cognizable claim here. His current Complaint, like the others he has filed, is nothing more than "part of a pattern of abusive litigation that [Grant] has engaged in all over the country." *Id.* Therefore, Grant's Complaint must be dismissed.

Accordingly, for all of the reasons stated above:

- Grant's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**;
- Grant's Complaint (ECF No. 1) is **DISMISSED**; and
- An appeal of this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2019, by electronic means and/or ordinary mail.

                                                                s/Holly A. Monda
                                                                Case Manager
                                                                (810) 341-9764